UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAYON ANDERSON,<br><br>                      Plaintiff,<br>v.<br><br>ELY STATE PRISON, et al.,<br><br>                      Defendants. | Case No. 3:24-cv-00457-ART-CLB<br><br>ORDER |

**I.   DISCUSSION**

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 24). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on January 8, 2025. (ECF No. 29). The screening order imposed a 90-day stay, and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 29, 40). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 43).

During the stay, Plaintiff filed numerous motions. (ECF Nos. 31, 34, 35, 37, 39). The Court will consider each of Plaintiff's claims in turn.

**A. Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. (ECF No. 35). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney

to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court denied Plaintiff's previously filed motion for appointment of counsel without prejudice. (ECF No. 29 at 13). Plaintiff's renewed motion for appointment of counsel appears to be identical to his previously filed motion. (ECF Nos. 3, 35.) Because the Plaintiff's renewed motion does not add any additional information or argument for appointment of counsel, the Court again does not find exceptional circumstances to support appointment of counsel, and the Court again denies the motion without prejudice.

**B. Motions for a Hearing and Reconsideration**

Prior to the Court issuing its screening order, Plaintiff filed six motions for a preliminary injunction or temporary restraining order, largely alleging that Plaintiff was in danger due to potential retaliation from guards at Ely State Prison ("ESP"). (ECF Nos. 6, 7, 10, 11, 25, 26). In the Court's screening order, the Court denied all these motions because they are based on claims that are not pled in the first amended complaint. (ECF No. 29 at 12-13).

Plaintiff has filed three motions requesting that the Court schedule a hearing to address conditions at ESP and reconsider the denial of his previously filed motions for a temporary restraining order or preliminary injunction. (ECF Nos. 34, 37, 39). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision."

*Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court does not find good reason to reconsider its decision denying Plaintiff's previously filed motions for a preliminary injunction or temporary restraining order. As the Court explained in its screening order, injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (emphasis added).

The Court denied Plaintiff's previously filed motions for a preliminary injunction or temporary restraining order because they all dealt with claims of

ongoing retaliation and danger from prison guards at ESP. In this case, Plaintiff brings an excessive use of force claim about an incident at LCC, as well as a claim of deliberate indifference to a serious medical need regarding the injury that he suffered from the excessive use of force. (ECF No. 29 at 4-10). The first amended complaint does not include any claims regarding retaliation from prison guards at ESP or danger of being attacked.

In his motion for an emergency hearing, Plaintiff notes that in this motion for leave to file a first amended complaint, he referenced retaliation and threats from ESP staff, and he stated that he was not pursuing those claims because he feared further retaliation. (ECF No. 37 at 3). He also states that in his first amended complaint he stated that he was at risk of substantial irreparable harm. (*Id.*) Plaintiff argues that these references to retaliation and potential harm are sufficient to give the Court the power to hear his requests for a preliminary injunction regarding retaliation from ESP guards. (*Id.*)

Plaintiff is mistaken. The question is not whether there is some brief mention of retaliation in the first amended complaint, but whether Plaintiff is bringing any claims regarding retaliation in the first amended complaint. The Court does not have the authority to issue an injunctive relief based on "**claims** not pled in the complaint." *Pac. Radiation Oncology*, 810 F.3d at 633 (emphasis added). Plaintiff does not bring any claims regarding retaliation by prison guards at ESP in this case. Therefore, the Court cannot issue injunctive relief regarding those claims.

The Court also notes that claims regarding retaliation or attacks by ESP guards would not appear to be properly joined in this case in any event.[1] This

---

[1] A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence,

1  case is about a use of force incident that took place at LLC, and the subsequent
2  failure to provide Plaintiff with medical treatment for the injuries that he suffered
3  from that use of force. Any claim about retaliation or the conditions at ESP
4  beyond medical care would be unrelated to the claims in this case and therefore
5  would not be properly joined.

6      The Court does not find good reason to reconsider its previous decision and
7  therefore denies Plaintiff's motion for reconsideration, and his motions for a
8  hearing regarding the conditions at ESP. However, the Court's previous decision
9  denying Plaintiff's motions for a preliminary injunction or temporary restraining
10 order was without prejudice. Thus, the Court will consider Plaintiff's newly filed
11 motion for a preliminary injunction.

**C. Motion for a Preliminary Injunction**

13     In denying Plaintiff's previous motions for a preliminary injunction or
14 temporary restraining order regarding retaliation from guards at ESP, the Court
15 told Plaintiff that he could file a motion for a preliminary injunction regarding his
16 ongoing medical needs. (ECF No. 29 at 12). The Court explained that any such
17 motion "should focus on Plaintiff's current medical needs and how they are, or
18 are not, being addressed, rather than unrelated issues at ESP." (*Id.* at 13).

19     In Plaintiff's newly filed motion for a preliminary injunction, he states that
20 since the excessive force incident at LLC, he spent over a year seeking a transfer

---

or series of transactions" and "any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner"). These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

5

to NNCC to be treated for his chronic pain and mental illness. (ECF No. 31 at 7). After Plaintiff was transferred to ESP, staff began trying to have other inmates kill him. (*Id.* at 8). Plaintiff states that he is surrounded by inmates who want to kill him and a medical staff that is disinterested in providing him medical care. (*Id.* at 10). Plaintiff also vaguely alleges NDOC must transfer him to NNCC to comply with the Americans with Disability Act ("ADA"). (*Id.* at 10.) The Court notes that it found that Plaintiff did not state a colorable ADA claim in the screening order. (ECF No. 29 at 10). Plaintiff requests that he be classified to general population for treatment and care of his sciatica. (ECF No. 11 at 20).

The Court notes that in the first amended complaint, Plaintiff stated that instead of being transferred to NNCC, he was transferred to ESP. (ECF No. 30 at 13). After being transferred to ESP he began receiving pain medication for the first time in over a year, but the medication caused him stomach issues. (*Id.*)

The Court denies the motion for a preliminary injunction without prejudice. The motion includes virtually no information about the treatment that Plaintiff is currently receiving at ESP or why the treatment is inadequate. Plaintiff appears to believe that he could received better treatment at NNCC, but he does not explain why. It is also clear that Plaintiff wishes to be transferred from ESP because he believes that he is in danger of retaliation from prison guards at ESP. But that is not at issue in this case. This case is about Plaintiff's medical treatment, not potential retaliation from guards at ESP. If Plaintiff wishes to pursue claims regarding ongoing retaliation by prison guards at ESP, he may do so in a new case. Because Plaintiff does not provide any specific information about his current medical treatment at ESP or explain why it is lacking, the Court denies the motion for a preliminary injunction without prejudice.

Plaintiff may file a renewed motion for a preliminary injunction. In any such motion, Plaintiff must provide details about his current medical needs regarding the injury that he suffered from the excessive force incident. Plaintiff should

include information about what requests he has filed for treatment of his injury since he arrived at ESP and how his ongoing medical treatment at ESP fails to adequately address his ongoing medical needs. Vague allegations about disinterested medical staff or is not sufficient.

Furthermore, the Court notes that preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). At this stage, it is not clear what injunctive relief might be appropriate if the Court were to order injunctive relief in the future. But the Court notes that a permanent transfer to a different prison is not likely to be the least intrusive means to ensure that Plaintiff receives adequate medical care.

## II.   CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 24) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

It is further ordered that pursuant to 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Jayon Anderson, #1199691** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

7

It is further ordered that the Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 30) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that subject to the findings of the screening order (ECF No. 29), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

It is further ordered that if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

It is further ordered that if the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the first amended complaint (ECF No. 30) within sixty (60) days from the date of this order.

It is further ordered that Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

It is further ordered that this case is no longer stayed.

It is further ordered that Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 31) is **DENIED** without prejudice.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 35) is **DENIED** without prejudice.

It is further ordered that Plaintiff's motions for a hearing and for reconsideration of the previous order denying his motions for a temporary restraining order (ECF Nos. 34, 37, 39) are **DENIED**.

DATED THIS 14th day of May 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE